UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-00212-KJD |
| Respondent, | 2:16-cv-01394-KJD |
| v. | ORDER |
| WILLIAM STACK, | |
| Petitioner. | |

Presently before the Court is Petitioner William Stack's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#56/60/90). The Government filed responses in opposition and supplements (#70/75/97) to which Petitioner replied (#71/59/99).

I. Background

Stack pled guilty to one count of carrying and use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c) as charged in Count Two of the indictment. Count Two specifically charged conspiracy to interfere with commerce by robbery as charged in Count 1 of the indictment, as the predicate crime of violence. Count Two specified no additional or alternative predicate felony. This Court then sentenced Stack to eighty-four months of imprisonment. In the instant motion, Stack moves to vacate his § 924(c) conviction and sentence pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and United States v. Davis, 139 S. Ct. 2319, 2336 (2019), and requests that the court vacate his conviction.

II. Analysis

On June 17, 2016, Stack brought his Abridged Motion to Vacate under Section 2255. Stack's Petition relied on the reasoning in the then-recently-decided Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act. Stack asserted that his conviction on Count 2 was unconstitutional

because it was predicated on the similarly-worded residual clause of Section 924(c). After briefing, the Petition was held in abeyance pending resolution of related questions before the Supreme Court in Beckles v. United States, 136 S.Ct. 2510 (2016) and Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015), cert. granted, 137 S.Ct. 31 (2016). On October 2, 2019, the Court granted unopposed motions to set a briefing schedule to address United States v. Davis, 139 S. Ct. 2319 (2019), which held that Section 924(c)'s residual clause is unconstitutionally vague.

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under Section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

Section 924(c) generally prohibits the possession, carrying or use of a firearm in relation to a crime of violence and carries a mandatory sentence. At the time of Stack's May 6, 2014 sentencing, the predicate "crimes of violence" for a Section 924(c) conviction were defined by the "elements" or "force" clause, 18 U.S.C. § 924(c)(3)(A), and by the (now-unconstitutional) residual clause, 18 U.S.C. § 924(c)(3)(B).

Davis found Section 924(c)(3)(B)'s "residual clause" to be unconstitutional. In doing so, the Supreme Court invalidated a conviction under Section 924(c) that was predicated on conspiracy to commit Hobbs Act Robbery because it relied on the residual clause's definition of a "crime of violence." Davis follows a line of cases that began with Johnson finding convictions and sentences under "residual clauses"—clauses that define crimes of violence as crimes that "by their nature" tend to involve violence—unconstitutionally vague.

Davis rejected a Section 924(c) conviction that was predicated on Hobbs Act Conspiracy because Hobbs Act Conspiracy can only be defined as a crime of violence under Section

924(c)'s residual clause. Davis, 139 S. Ct. at 2325, 2336. Stack argues that his Section 924(c) conviction was likewise predicated on Hobbs Act Conspiracy and is therefore unconstitutional. The Government argues that because Defendant admitted to committing the predicate felony Conspiracy to Commit Hobbs Act Robbery when he pled guilty to the 924(c) violation, that the Court should substitute, as a lesser included offense, the conspiracy offense for the 924(c) conviction, and then sentence Stack to time served. However, Conspiracy to Commit Hobbs Act Robbery is not a lesser included offense of the 924(c) violation. Further, the Court dismissed that count as part of the plea agreement when Defendant pled guilty to Count Two.

The Government might have had a better argument if Stack's Section 924(c) conviction had been predicated upon the Hobbs Act Conspiracy count and the Hobbs Act Robbery count charged in Count 3. See United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) ("We have long held section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes. Because all elements of the crime created by section 924(c)(1) must be proved for conviction under that section, a defendant charged with violating section 924(c)(1) must be proven to have committed the underlying crime, but nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense")(citations omitted); Higa v. United States, 413 F.Supp.3d 1012, 1017-18 (D. Haw. 2019) (accord with Hunter: 924(c) does not require a conviction for a qualifying predicate offense).

The problem for the Government is that the indictment, in Count Two, alleged only Conspiracy to Commit Hobbs Act Robbery as a qualifying predicate offense. The section 924(c) conviction could also have been sustained using the Hobbs Act Robbery offense identified in Count 3 of the Indictment as an alternative predicate crime of violence. That is true even though Stack was not convicted of Count 3 and even though Count 3 was dismissed at sentencing. As previously identified, the Ninth Circuit has held that Section 924(c) does not require an underlying or predicate conviction, only underlying conduct. Hunter, 887 F.2d at 1003.

However, in Hunter (drug trafficking offense) and Higa (Hobbs Act Robbery) the government initially charged second, or alternative, predicate crimes of violence upon which the

Court could rely after the other predicate had been invalidated. See also Duncan v. United States, Nos. 2:17-cv-00091-EJL, 2:07-cr-00023-EJL2019, WL *4-5 (D. Idaho November 15, 2019) (upholding 924(c) conviction where alleged predicate felony kidnapping was found not to be a crime of violence but the alternatively alleged predicate first-degree murder was).

Stack is correct that a conviction under Section 924(c) based on Hobbs Act Conspiracy should properly be vacated following the Supreme Court's ruling in Davis that Section 924(c)(3)(B) (the "residual clause") is unconstitutional. Hobbs Act Robbery cannot serve as the predicate offense for his Section 924(c) conviction because the indictment charged the underlying predicate offense as conspiracy to commit Hobbs Act Robbery, and no other predicate, though it was well within the Government's power to do. See also Davila v. United States, 843 F.3d 729, 731 (7th Cir. 2016) (Section 924(c) does not require a conviction for a qualifying predicate offense because the statutory language only references another crime "for which the person may be prosecuted" – "it does not require a prosecution for or conviction of that other offense" and the defendant admitted facts establishing that he committed the other charged predicate offense for drug trafficking). Here, there is no other charged predicate offense in Count Two.

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Petitioner William Stack's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#56/60/90) is **GRANTED**;

IT IS FURTHER ORDERED that Petitioner's Emergency Motion for Decision Due to COVID-19 (#100) is **DENIED as moot**;

IT IS FURTHER ORDERED that **JUDGMENT (#50)** of conviction entered May 15, 2014 is **VACATED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Petitioner and against Respondent in the corresponding civil action, 2:16-cv-01394-KJD, and close that case,

\\\

\\\

- 4 -

IT IS FINALLY ORDERED that the Bureau of Prison release WILLIAM STACK forthwith.

Dated this 31st day of March, 2020.

Kent J. Dawson
United States District Judge